UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARTIN CZECK,

                    Petitioner,                                    Civil No. 10-12 (ADM/JJG)

v.

                                                           **REPORT AND RECOMMENDATION**

U.S.A.,

                    Respondent.


This matter is before the undersigned United States Magistrate Judge on

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case

has been referred to this Court for report and recommendation pursuant to 28 U.S.C.

§ 636 and Local Rule 72.1. For the reasons discussed below, it is recommended

that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4

of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.      BACKGROUND

In 1996, Petitioner was convicted of several drug law offenses in a federal

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner." Although The Rules Governing
Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners
pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28
U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN),
(D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th
Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

criminal case that was brought against him here in the District of Minnesota. United States v. Czeck, No. 4:95cr96 (JMR/FLN). He was sentenced to 360 months in federal prison, and he is presently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

After Petitioner was convicted and sentenced, he took a direct appeal to the Eighth Circuit Court of Appeals. However, all of his arguments were denied, and his conviction was affirmed. United States v. Czeck, 105 F.3d 1235 (8th Cir. 1997).

Petitioner later challenged his conviction in a timely motion for post-conviction relief under 28 U.S.C. § 2255. The trial court judge, District Court Judge James Rosenbaum, denied Petitioner's § 2255 motion on the merits. That ruling was later affirmed by the Eighth Circuit Court of Appeals. Czeck v. United States, No. 98-3047 (8th Cir. 1999), 1999 WL 170551 (unpublished opinion).

Several years after Petitioner's § 2255 motion was denied, he initiated a series of Minnesota state court proceedings, in which he challenged several state criminal convictions from the early 1980s. Petitioner has submitted documentary evidence in support of his current petition, which indicates that at least of four of those challenges were successful. (Petition, Appendices A, B and C.) That evidence shows that two 1982 Stearns County convictions were vacated on November 3, 2004, (Appendix A); a 1982 Benton County conviction was vacated on December 6, 2004, (Appendix B); and a 1982 Wright County conviction was vacated on March 22, 2005, (Appendix C).

After Petitioner's various state court convictions were vacated, he filed another motion in his federal criminal case. In that motion, which purportedly was brought under 18 U.S.C. § 3582(c)(2), Petitioner asked Judge Rosenbaum to modify and reduce his sentence. He pointed out that his federal prison sentence had been enhanced by reason of his prior state court convictions, and he argued that his sentence should now be reduced because several of those convictions had been vacated. Judge Rosenbaum found that Petitioner did not qualify for relief under 18 U.S.C. § 3582(c)(2), because his claims were not based on any retroactively applicable amendments to the U.S. Sentencing Guidelines. Judge Rosenbaum also considered whether Petitioner could be granted relief under 28 U.S.C. § 2255. The Judge concluded, however, that § 2255 relief was not available to Petitioner, because his previous § 2255 motion barred him from seeking further relief under that statute without a pre-authorization order from the Eighth Circuit Court of Appeals. (See Czeck, No. 4:95cr96 (JMR/FLN), Order dated June 27, 2005, [Docket No. 106], citing 28 U.S.C. §§ 2255 [¶ 8] & 2244(b)(3), and United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).)

Petitioner appealed Judge Rosenbaum's ruling on his § 3582(c)(2) motion, but the Court of Appeals affirmed that ruling. United States v. Czeck, 172 Fed.Appx. 687 (8th Cir. 2006) (unpublished opinion). The Court of Appeals agreed that Petitioner was not eligible for relief under § 3582(c)(2). The Court also concluded that § 2255 no longer provided Petitioner with a viable means to challenge his

sentence, because the one-year statute of limitations that applies to § 2255 motions,

(28 U.S.C. § 2255(f)), had expired long before he filed his § 3582(c)(2) motion.

See 28 U.S.C. § 2255(f).  Even though Petitioner's state court convictions had not

been vacated until long after the one-year statute of limitations had expired, the

Court of Appeals still found that Petitioner could not seek relief under § 2255 based

on the extinguishment of his state court convictions.  The Court explained that:

> "To the extent Czeck's motion amounted to a 28 U.S.C. § 2255 motion, insofar as he also sought to lower his sentence based on the vacation of his state court convictions, his claim also failed.  Putting aside the question whether Czeck's motion was second or successive, we find that it was untimely because Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay.  See Johnson v. United States, 544 U.S. 295... (2005) (1-year limitation period for defendant seeking to reopen federal sentence enhanced by state sentence based on state court vacatur begins when petitioner receives notice of order vacating state conviction, provided he sought it with due diligence in state court after entry of judgment in federal case with enhanced sentence)."

172 Fed.Appx. at 687, (emphasis added).[2]

Petitioner filed his current habeas corpus petition on January 4, 2010.  He is

once again contending that his federal prison sentence should be set aside, because

it is predicated, in part, on state criminal convictions that were subsequently vacated.

Petitioner contends that he is "actually innocent of the sentence imposed by the

---

[2]  In addition to Petitioner's direct appeal, his § 2255 motion, and his § 3582(c)(2) motion, he has also attempted to challenge his conviction and sentence in a previous (unsuccessful) § 2241 habeas corpus petition in the Southern District of Illinois. See Czeck v. Revell, No. Civ. 05-652-GPM (S.D.Ill. 2005), 2005 WL 2465907.

District Court," because he "was sentenced to 360-months based on the state convictions" that were later vacated. (Petition, p. 10.) However, Petitioner's current challenges to his 1996 federal prison sentence cannot be brought in a § 2241 habeas corpus petition, for the reasons discussed below.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.   Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  Section 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.   "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has

affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986) (<u>per</u> <u>curiam</u>), <u>quoting</u> 28 U.S.C. § 2255.  <u>See</u> <u>also</u> <u>Von Ludwitz v. Ralston</u>, 716 F.2d 528, 529 (8th Cir. 1983) (<u>per</u> <u>curiam</u>) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (<u>Abdullah</u>, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the 360-month prison sentence that Judge Rosenbaum imposed following Petitioner's 1996 federal criminal conviction.  Petitioner claims that he should be re-sentenced, because the sentence imposed by Judge Rosenbaum is based, in part, on several state criminal convictions that were later vacated.  Because Petitioner is directly challenging the validity of his 1996 federal prison sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before.  Any new request for § 2255 relief that might now come before the trial court would have

to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the original trial court judge – i.e., Judge Rosenbaum – could not entertain a new § 2255 motion at this time. Id. Indeed, Judge Rosenbaum has already ruled that Petitioner can no longer seek relief under § 2255, without obtaining a preauthorization order from the Court of Appeals. (See Czeck, No. 4:95cr96 (JMR/FLN), Order dated June 27, 2005, [Docket No. 106].) Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter back to Judge Rosenbaum once again.

It also clear that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). In fact, the Eighth Court of Appeals has already so ruled. Czeck, 172 Fed.Appx. at 687. For this

additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it is readily apparent that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute.  He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, simply because (a) he is not presently eligible for relief under § 2255, (due to the restrictions on successive motions and the one-year statute of limitations), and (b) he is attempting to show that he is "actually innocent" of the sentence he was given.  This reasoning must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.  Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded.  Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner

has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in the § 2255 motion that he filed in 1997. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current

arguments in his prior § 2255 motion.  See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

The Court recognizes, of course, that Petitioner's state court convictions had not yet been vacated when he filed his § 2255 motion in 1997.  Indeed, the state court convictions at issue were not vacated until 2004 and 2005 – more than seven years after Petitioner filed his § 2255 motion.  However, the Eighth Circuit Court of Appeals has found that Petitioner "waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay." Czeck, 172 Fed.Appx. at 687 (emphasis added).  In other words, the Court of Appeals has already determined that if Petitioner had acted diligently, he could have had his state convictions vacated before he filed his § 2255 motion, and if he had done that, he could have raised his current habeas corpus claims in a timely § 2255 motion.

The inescapable implication of Judge Rosenbaum's ruling on Petitioner's § 3582(c)(2) motion, and the Court of Appeals' subsequent decision upholding that ruling, is that Petitioner could have raised his current claims for relief in his 1997 § 2255 motion, if he had acted more diligently.  Thus, Petitioner's inability to bring his claims under § 2255 is not attributable to any inherent inadequacy or ineffectiveness of the remedy provided by § 2255.  That remedy would have been entirely sufficient for Petitioner's current claims, if they had been raised in his 1997 § 2255 motion.

According to the Court of Appeals, it was Petitioner's lack of diligence – not a gap in

the remedy provided by § 2255 – that prevented Petitioner from bringing his current

claims in a timely § 2255 motion.

Petitioner has attempted to overcome the § 2255 exclusive remedy rule by

arguing that he is "actually innocent" of the crimes for which he was convicted. That

argument, however, is foreclosed by Abdullah. There, the Court of Appeals made it

clear that an actual innocence argument, by itself, does not automatically invoke the

§ 2255 savings clause. An actual innocence argument can be raised in a § 2241

habeas petition only if the petitioner never had a prior opportunity to raise the

argument. Abdullah, 392 F.3d at 960 ("§ 2255 was not inadequate or ineffective to

raise Abdullah's claim because... regardless of his ability to demonstrate actual

innocence, Abdullah did have an unobstructed opportunity to raise his claim").

As the Court of Appeals pointed out in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a
petitioner have more than one unobstructed procedural opportunity to
challenge his conviction. 'That does not mean he took the shot, or
even that he or his attorney recognized the shot was there for the
taking. All the Constitution requires, if it requires that much, is that the
procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Here, the Court of Appeals has already ruled that Petitioner had "a shot" at

bringing his current claims for relief in a timely § 2255 motion. He did not take

advantage of that opportunity, because he had not yet sought to vacate his state

court convictions. But if Petitioner had acted more diligently, the remedy provided by § 2255 would have been adequate and effective for his current claims.

Thus, the Court finds that the savings clause is not applicable here, even for Petitioner's claim of "actual innocence." The Court of Appeals has already determined that Petitioner had an adequate procedural opportunity to raise his current claims for relief, including his "actual innocence" claim, in his prior § 2255 motion. Because he could have raised his claims in a timely § 2255 motion, (if he had acted more diligently on his challenges to his state convictions), he is now barred from bringing those claims in a § 2241 habeas corpus petition.

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the sentence imposed in his prior criminal case in this District; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) neither Petitioner's present inability to seek relief under § 2255, nor his claims of "actual innocence," cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this

action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.


Dated: January 13, 2010            s/ *Jeanne J. Graham*
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge


### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 28, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.