UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Martin Czeck,

               Petitioner,
     v.

U.S.A.,

               Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-12 ADM/JJG

_____

Martin Czeck, pro se.

Gregory G. Brooker, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Martin Czeck's ("Czeck") Objections [Docket No. 3] to Magistrate Judge Jeanne J. Graham's January 13, 2010 Report and Recommendation ("R&R") [Docket No. 2]. Judge Graham recommends that Czeck's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("2241 Petition") [Docket No. 1] be summarily dismissed for lack of subject matter jurisdiction. For the reasons set forth below, Czeck's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

In 1996, a jury found Czeck guilty of six federal crimes relating to controlled substances and firearms. R&R at 2; United States v. Czeck, 105 F.3d 1235, 1237 (8th Cir. 1997). Judge James M. Rosenbaum sentenced Czeck as an armed career offender under the United States Sentencing Guidelines and ordered him to serve 360 months in prison. R&R at 2. Czeck unsuccessfully appealed to the Eighth Circuit, raising challenges based on the Fourth

Amendment to the United States Constitution and the sufficiency of the evidence.  See Czeck, 105 F.3d at 1237.

Czeck then filed a 28 U.S.C. § 2255 motion, arguing that the admission of his record of prior felony convictions substantially prejudiced the jury trial.  See Czeck v. United States, 175 F.3d 1023, 1999 WL 170551, at *1 (8th Cir. Mar. 29, 1999) (per curiam) (unpublished).  Judge Rosenbaum denied Czeck's 2255 motion, and the Eighth Circuit affirmed, concluding that any error in admitting the conviction record "was harmless given the ample evidence of guilt." Id.

In 2004 and 2005, Czeck filed petitions in Minnesota state court, challenging four convictions from 1982 in Stearns, Benton, and Wright counties.  See 2241 Petition, Ex. A (Stearns County Order), Ex. B (Benton County Order), Ex. C (Wright County).  Czeck argued that the convictions must be vacated on the ground that his counsel was ineffective for failing to move to dismiss the charges based on violations of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. 2, §§ 1-9.[1]  See Stearns County Order at 2-3, 8-9; Benton County Order at 11.  The courts in Stearns and Benton counties refused to dismiss Czeck's challenges to his convictions based solely on the long delay (over twenty years), addressed the petitions on their merits, and agreed that the 1982 convictions must be vacated due to ineffective assistance of counsel in failing to seek dismissal for violations of the IADA.  See Stearns County Order at 3-9; Benton County Order at 8-11.  The petition in Wright County, which was the last of the three petitions, was summarily granted after the State of Minnesota informed the court that it did

---

[1] The arrest that lead to the 1982 convictions in Minnesota state court also lead to a conviction in federal court.  See Ex. A at 4.  The protections of the IADA were triggered as a result of Czeck being transferred between federal custody and state custody so that the prosecutions in both state court and federal court could proceed.  Id. at 4-5.

not oppose the petition. Wright County Order at 1.

After his four state court convictions from 1982 were vacated, Czeck returned to federal court in June 2005 seeking to reduce his sentence under 18 U.S.C. § 3582(c)(2). See United States v. Czeck, 4-95-CR-96 JMR/FLN, docket no. 105. He argued that his sentence must be reduced because of Amendment 674 to the United States Sentencing Guidelines, which went into effect on November 1, 2004. Id. at 3-4. He also argued that because his four state court convictions from 1982 were vacated in 2004 and 2005, he is "actually innocent" of being an armed career offender under the Sentencing Guidelines and his federal sentence must be reduced accordingly. Id. at 11-14. Judge Rosenbaum concluded that Czeck's motion under § 3582 was more properly characterized as a motion under 28 U.S.C. § 2255. Id., docket no. 106 at 1. As such, the motion constituted a second § 2255 motion, which must be dismissed because Czeck had not obtained the Eighth Circuit's authorization to file a second § 2255 motion. Id. Alternatively, Judge Rosenbaum concluded that Czeck's argument regarding Amendment 674 was clearly without merit because Amendment 674 is not listed in the Sentencing Guidelines as one of the amendments that justifies consideration of a reduction under § 3582. Id. at 1-2. Judge Rosenbaum did not address the merits of Czeck's argument that he is actually innocent of being an armed career offender in light of the four state court convictions having been vacated.

On appeal of Judge Rosenbaum's denial of the § 3582 motion, the Eighth Circuit affirmed. See United States v. Czeck, 172 F. App'x 687, 2006 WL 454955 (8th Cir. 2006). The court agreed with Judge Rosenbaum that Amendment 674 is not a ground for obtaining a sentence reduction under § 3582. Id. at *1. The Eighth Circuit further held that "[t]o the extent Czeck's motion amounted to a 28 U.S.C. § 2255 motion, insofar as he also sought to lower his

3

sentence based on the vacation of his state court convictions, his claim also failed." Id. The court explained that regardless of whether the motion constituted a second § 2255 motion, "we find that it was untimely because Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay." Id. (citing Johnson v. United States, 544 U.S. 295 (2005)).

In early 2006 and again in early 2007, Czeck petitioned the Eighth Circuit for permission to file a successive § 2255 motion; both requests were denied. See Robert Czeck v. United States, No. 06-1097, Judgment (April 12, 2006); No. 07-1163, Judgment (June 6, 2007). Czeck filed the current § 2241 Petition on January 4, 2010.

### III. DISCUSSION

In reviewing an R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

In evaluating Czeck's § 2241 Petition, Judge Graham recognized that a motion under § 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence. R&R at 5 (citing Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)). Thus, Czeck may not pursue his challenge in a § 2241 petition unless he affirmatively demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention—in other words, that he qualifies under the so-called "savings clause" of § 2255. Id. at 5-6 (citing DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1996) (per curiam)).

Citing Eighth Circuit precedent, Judge Graham concluded that the reasons offered by Czeck to show that he qualifies under the savings clause—being ineligible for relief under § 2255 because of procedural restrictions and actual innocence—fail to demonstrate that § 2255 is an inadequate or ineffective remedy. Id. at 8-10. Judge Graham reasoned that the "inescapable implication" of the Eighth Circuit's finding that Czeck did not provide a sufficient excuse for waiting six years after his federal conviction became final to petition the state court for relief was that Czeck could have raised the issue of the 1982 convictions in a § 2255 challenge to his sentence had he acted more diligently. Id. at 10. Even though Czeck returned to federal court promptly after the state courts vacated his 1982 convictions, he had waited too long after his federal conviction became final before initiating the state court proceedings to vacate.

Czeck objects, arguing that Judge Graham's decision fails to acknowledge that he has already served 180 months of a 360 month sentence that was calculated based on four convictions that have since been vacated. Objections at 1. Czeck protests that a "judicial system must be grounded on common sense and compassion," and the Court therefore "has the authority and the obligation to correct his monstrous sentence." Id. at 2. Czeck's arguments fail.

The state courts presiding over Czeck's post-conviction petitions concluded that Czeck's defense counsel for his state court criminal proceedings in 1981 and 1982 was ineffective for failing to move to dismiss the charges for violations of the IADA. It also is true that one of the post-conviction courts ruled that fairness required a substantive review of Czeck's challenge to the legality of his 1982 convictions, and another held an evidentiary hearing, after which it credited Czeck's testimony and found that the post-conviction motion "was timely . . . because he did not learn of his rights under the IADA until 2002." Stearns County Order at 4; Benton

County Order at 10-11. Whatever the value of these state court decisions to the question of whether Czeck acted timely in seeking to vacate the four convictions from 1982 and whether his delay is excusable because his failure to learn about the IADA was a product of having received ineffective assistance of counsel, this Court is bound by the Eighth Circuit's rulings when it affirmed the denial of Czeck's § 3582 motion. Though no evidentiary hearing had been held in the district court and the finding is arguably inconsistent with the findings of the state post-conviction courts, one of which made its finding after holding an evidentiary hearing, the Eighth Circuit concluded that Czeck's challenge was "untimely because Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay." Czeck, 2006 WL 454955 at *1. This Court lacks the power to contravene the Eighth Circuit's finding. Accordingly, and as Judge Graham recognized, the "inescapable implication" of the Eighth Circuit's decision is that § 2255 was not inadequate or ineffective and, as a result, Czeck cannot avail himself of § 2255's savings clause to seek relief under § 2241. See Abdullah v. Hedrick, 392 F.3d 957, 959-64 (8th Cir. 2004).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Martin Czeck's Objections [Docket No. 3] to Magistrate Judge Jeanne J. Graham's January 13, 2010 Report and Recommendation [Docket No. 2] are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**; and

3. Czeck's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No.

6

1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


	s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 15, 2010.